# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2558
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Matthew Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 12, 2024
Filed: May 10, 2024
[Unpublished]

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Robert Taylor guilty of one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and one count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The jury was hung on twelve other counts: six other alleged robberies on different days and six brandishing charges that accompanied those robberies.

Taylor had 26 criminal history points, twice the number needed to place him in the highest criminal history category. The district court calculated an advisory guidelines sentencing range of 70 to 87 months for the robbery conviction based on conduct underlying that one robbery and not based on conduct related to the hung counts. The district court varied upward and imposed a sentence of 120 months on the robbery count (one half of the statutory maximum) but imposed the statutory consecutive minimum of 84 months on the Section 924(c) count.

At sentencing, the district court[1] more than thoroughly explained its reasoning in applying 18 U.S.C. § 3553(a) and varying upward. The court considered the facts underlying the hung counts and determined that the government had proven Taylor's conduct as to those facts by a preponderance of the evidence. The court discussed several other factors as particularly material to sentencing including, as an aggravating factor, Taylor's conduct while incarcerated and, as a mitigating factor, Taylor's unstable childhood that contributed to his participation in the distribution of serious narcotics at a young age.

On appeal, Taylor does not challenge the sufficiency of the district court's factual findings at sentencing. Rather, he argues the district court abused its discretion or committed constitutional error by relying on the conduct underlying hung counts when applying Section 3553(a). Our precedent permits reliance on acquitted conduct when applying Section 3553(a) if a district court finds such conduct established by preponderant evidence. *See United States v. Stroud*, 673 F.3d 854, 862 (8th Cir. 2012) ("[I]t is the settled law of our circuit 'that the Constitution does not preclude a district court from considering acquitted conduct in sentencing a criminal defendant.'" (citation omitted)). This same precedent necessarily permits reliance on conduct associated with hung counts.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

We affirm the judgment of the district court.

_____